RECEIVED

SEP 0 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Mark Alan Lane,           )
          Plaintiff,      )
                          )
Vs.                       )    Civil Action No:1:08-1269RJL
                          )
Federal Bureau of Prisons,ETaL )
          Defendant(s).   )

Pro-Se
ADDENDUM

Comes Now, The petitioner, mark Alan Lane, Pro-Se, and respectfully files the following Bureau of Prisons [RECORDS] to the Privacy Act Suite. The petitioner states as follows:

1). on April 10, 2008., The petitioner sent a letter to the probation officer asking to "VERIFY" Bureau of Prisons records (exhibits 58 &59 of COM.). On may 14 , 2008. The petitioner requested F.C.I. Atlanta send the Two(2) page letter. On June 23, 2008., The probation officer reviewed the findings of the court and final calculations. The word "VERIFY" means to establish the truth, accuracy or reality of:        ATT:A-B
2). The petitioner was abel to get some of the presentence investigation report used by the Bureau of Prisons. ATT:C-H The petitioner presented exhibits 21 and 26., to show the petitioner was Indicted for a Conspiracy to Violate the Narcotic Laws., 846, 500grams 841(a)(1). The presentence report alleges 500grams841(a)(1), 846, (exhibits:Cand D., Elibeth Hill and brad Mattingly on August 31, 2000.)
3). paragraph 5: The presentence report alleges Excess of 15 kilograms841(a)(1), 846. The presentence report was used IN-CAMERA [THE OFFENSE CONDUCT], The appeals court changed to "AT LEAST SEVEN OTHERS INDIVIALS" (COVER UP ELIZABETH HILL AND BRAD MATTINGLY NAME (2))
4). paragraph 6: Title 18 UNITED STATES CODE 3b1.1, "ROLE IN THE OFFENSE".
5).Paragraph 7 and 8: The appeal cort [DELEATED] from the opion of the court. [on September 1, 2000.,Lane was arrested by law enforcement [INDIANA CODE 35-48-1., and 35-48-2], following his arrest, lane confessed to involement in the conspiracy, Title 21 U.S.C. 846.[Conspiracy is not a crime or a confession]. Lane also admitted/CONFESSED he had thrown approximately one(1) pound of Methamphetamine [CRIME](530.5grams) out of his ford explorer during the chase. 846, 500grams 841(a)(1). In paragraph two(2) "The Defendant pled guilty as charged in the Indictment 500grams (770 grams by expert witness). The court switched the crime charged to 500Kilograms (235 pounds) exhibits: 21 and 23 of the complaint.

The exhibits have Footnotes for the court. I pray I have the ear of the court. The Bureau of Prisons will not follow there policy and procedure. *ATT: X-1 TO*

6). Paragraph 16: The presentence report alleges the amount of Methamphetamine [CRIME] involved is approximately 107 kilograms (or 235 pounds) The Bureau of Prison used the Drug amount as a [PUBLIC SAFETY FACTOR]                    ATT: F

7). The Unit Staff at F.C.I. Atlanta turned over exhibit I., On February 14, 2002. Chapter 5, part A, Application notes: "in rare cases, an offense level of more than 43 is to be trated as an offense level 43.    Footnotes:,          ATT: I

8). Witch an Accurate presentence report [VERIFED], The petitioner can request Bureau of Prison staff to correct all Bureau of Prisons generated reports or data .(COM. at EX-18)

RESPECTFULLY

MARK ALAN LANE # 06503-028
F.C.I. Atlant
P.O. BOX 150160
Atlanta, GA. 30315

8-28-08

# ˙UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### PROBATION OFFICE

**Dwight T. Wharton**
**Acting Chief Probation Officer**                     **Reply to:** <u>Indianapolis</u>

101 U.S. Courthouse
46 E. Ohio Street
Indianapolis, IN 46204
Voice: (317) 229-3750

June 23, 2008

Mr. Ken Talley
Case Manager
U.S. Penitentiary
601 McDonough Drive
Atlanta, GA 30315

                          Re:    LANE, Mark
                                 Reg. No. 06503-028
                                 Response to letter dated May 14, 2008

Dear Mr. Talley:

This is in response to your letter dated May 14, 2008, to which was attached another letter from Mr.
Lane, questioning the sentencing guideline calculations in his presentence report. As with his other
letters, it contained erroneous information. Since you are in possession of the presentence report, <u>I will
review with you the findings of the Court and the final calculations.</u> *(1)*

As to Count 1, Conspiracy to Possess with Intent to Distribute and to Distribute in Excess of 500 Grams
of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, the Court found Mr.
Lane was responsible for 107 kilograms (235 pounds), for a base offense level of 38. The offense level
was increased two levels because a firearm was possessed. The probation officer who wrote the
presentence report applied a three-level increase pursuant to U.S.S.G. § 3A1.2(b), but the Court found
the increase did not apply. The offense level was increased three levels for an aggravating role and
another two levels for obstruction of justice. That resulted in an adjusted offense level of <u>45</u> for Count
1.

For Count 2, Money Laundering, the probation officer determined the base offense level was 40; the
Court found it was 38. Because the defendant was convicted under 18 U.S.C. § 1956, the offense level
was increased two levels, pursuant to U.S.S.G. § 2S1.1(b)(2)(B). Again, the probation officer applied
the victim-related adjustment pursuant to U.S.S.G. § 3A1.2(b), but the Court found it did not apply.
There was no increase for role as to this count, but there was a two-level increase for obstruction. This
resulted in an adjusted <u>offense level of 42.</u>

*A*

Page 2

The two counts were grouped, with the higher of the two offense levels (45) being used as the offense level of the group. After a three-level decrease for acceptance of responsibility, the total offense level was 42. (2)

Since Mr. Lane had no prior criminal convictions, his criminal history category was I. Combining this with an offense level of 42 yielded a guideline imprisonment range of 360 months to life. He was sentenced to the low end of the guideline range on Count 1 and the statutory maximum, 240 months, on Count 2, to be served concurrently.

Mr. Lane has repeatedly demanded documentation of the weight of methamphetamine for which he was held responsible. As I explained to Mr. Lane in my letter dated February 12, 2008, the amount of methamphetamine was not based solely on the actual amount seized. As is the case with most drug cases in this district, the amount was extrapolated from statements of other persons involved with Mr. Lane in trafficking methamphetamine. Any amount actually seized would be included in the total.

Please advise if there is anything else this office can do assist Mr. Lane. There really is no point in continuing to respond to the same questions and claims, but if you can identify something I have missed in my responses to his repeated requests, please advise.

Sincerely,

*Holly G. Barrineau*

Holly G. Barrineau
Supervising U.S. Probation Officer

HGB/hgb

---

 1). The word "VERIFY" means to establish the truth, [ACCURACY] or reality of :
 2). Chapter 5 part A., Application notes: "In rare cases, an offense level of more than 43 is to be treated as an offense level 43.

B

FULL DISCLOSURE PERMITTED

the U.S. Attorne... ...ing and
Montana. Public Reproduction &
Dissemination is Prohibited.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA )
)
        V. )   PRESENTENCE INVESTIGATION REPORT
)
)
Mark Alan Lane )     **Docket No.** EV 01-03-CR-01

---

**Prepared For:**      The Honorable Richard L. Young
                  U.S. District Court Judge

**Prepared By:**       Robert J. DeCarli
                  U.S. Probation Officer
                  158 Federal Building
                  101 N.W. Martin Luther King Blvd.
                  Evansville, Indiana 47708
                  (812) 465-6436

**Assistant U.S. Attorney**
Brad Blackington
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
(317) 226-6333

**Defense Counsel**
Scott Danks (Retained)
101 N.W. 10th Street
Evansville, Indiana 47708
(812) 426-1000

---

**Sentence Date:**    December 11, 2001

**Offense:**      Count 1:    Conspiracy to Possess With Intent to Distribute and to
should be:            Distribute in Excess of 500 Grams of a Mixture or Substance
846,500 grams 841(a)(1)  Containing a Detectable Amount of Methamphetamine (21
Exhibits: **21** AND **26**  U.S.C. § 841(a)(1) and 846)
                  10 Years to Life/$4,000,000 fine/Not Less Than 5 Years TSR

           Count 2:    Conspiracy to Launder Monetary Instruments (18 U.S.C. §
                  1956(a)(1)(A)(i) and 1956(h))
should be:          20 years/$500,000 fine, or twice the volume of the property
                  involved

                  Forfeiture of Specified Property (21 U.S.C. § 853, 18 U.S.C.
                  § 924, and 28 U.S.C. § 2461(c))

**Release Status:**   Mr. Lane has been detained since his arrest on January 25, 2001.

**Detainers:**     None

**Date Report Prepared:**    October 29, 2001    **Date Report Revised:**

*C*

PART A. THE OFFENSE

Charge(s) and Conviction(s)  ELIZABTH HILL AND BRAD MATTINGLY, EXHIBIT 27
27

**crime**

1.    On February 14, 2001, a two-count Indictment was returned by a grand jury in the Southern District of Indiana. Count 1 charges Mark Lane with Conspiracy to Possess With Intent to Distribute and to Distribute in Excess of 500 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 846. Count 2 charges Lane with Conspiracy to Conduct and Attempt to Conduct Financial Transactions Affecting Interstate Commerce, Knowing the Property Involved in the Financial Transactions Represented the Proceeds of Some Form of Unlawful Activity, which Transactions in fact Involved the Proceeds of Trafficking in Methamphetamine with the Intent to Promote the Carrying On of Said Specified Unlawful Activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 1956(h). Additionally, the Indictment encompasses a Forfeiture of Specified Property, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). The specified property is listed in a Preliminary Order of Forfeiture signed by the Honorable Richard L. Young on October 3, 2001.

**EX.21**  2.    On September 10, 2001, the defendant filed a Petition to Enter a Plea of Guilty and Request
**change**   for Presentence Report. On that same date, Lane appeared before The Honorable Richard
**500 grens** Young for his change of plea hearing. The defendant pled guilty as charged in the
**To**       Indictment. No Plea Agreement was filed. Sentencing was set for December 11, 2001.
**500 K. lograms**

                                                                            **3-13-01**
         3.    Lane was arrested January 25, 2001, on a federal warrant. He made his initial appearance
**EX.23**      before U.S. Magistrate Judge William Hussmann on that date. On January 31, 2001, the
               defendant appeared before U.S. Magistrate Judge Hussmann for his detention hearing. Lane
               was ordered detained. On March 13, 2001, the defendant again appeared before U.S.
               Magistrate Judge Hussmann for a second detention hearing. Again Lane was ordered
               detained pending further proceedings. The defendant has been in federal custody since
               January 25, 2001.  (complaint)

4.    On October 2, 2001, Elizabeth Hill received 41 months Bureau of Prisons and four years supervised release on Count 1, Conspiracy and Distribution of Methamphetamine. Brad Mattingly has a COP hearing scheduled on November 1, 2001. David Merritt's case is pending.                                    AND STEVE BLEDSOE

The Offense Conduct

5.    From June 1999 through May 2000, the defendant received methamphetamine from David Merritt. During this period, Merritt fronted between five and eight pounds of methamphetamine to Lane every two weeks. In total, Lane received approximately 200 pounds of methamphetamine from Merritt. In June 2000, Lane began receiving methamphetamine from Jerome Davis. From June 2000 through August 31, 2000, Davis fronted a total of 35 pounds of methamphetamine to Lane. Lane fronted the methamphetamine he received from Merritt and Davis to customers in the Southern District

                              **crime**

                                                                                    **D**

*C.I.M. NOT Judgment*

EXCESS OF 15 KILOGRAMS 841(a)(1), 846

of Indiana for further distribution. These customers included Elizabeth Hill, Brad Mattingly, Robbie Burris, Rick Green, James Jones, Haywood Ramsey, and Ricky Burris. Lane received approximately $18,000 per pound from these customers for the fronted methamphetamine. CHANGE TOO: [at least seven others] exhibits: **27**

6.  With respect to his drug transactions with Hill and Mattingly, Lane determined where the drug deliveries would occur. With regard to the money transactions with Hill and Mattingly, Lane determined when and where he would collect the money. Lane also recruited Hill and Mattingly into the conspiracy. Lane recruited Hill into the conspiracy in September 1999, when Hill began work in Jasper Rubber Products in Jasper, Indiana. Lane drove Hill to and from work, and recruited Hill to sell methamphetamine for him during those discussions. Hill recruited Mattingly into the conspiracy in February 2000, when Mattingly contacted Lane to ask for money to bail a friend out of jail. During their ensuing conversation, Lane asked Mattingly to sell methamphetamine for him. After this discussion, Mattingly began to deal methamphetamine with Lane.

**ROLL IN THE OFFENSE**

112.96 grams

7.  On August 31, 2000, DEA agents arrested Elizabeth Hill following a controlled purchase of methamphetamine. Hill then identified Lane as her supplier for methamphetamine. DEA drove to Lane's residence in Washington, Indiana. Task force officer David Knowles observed Lane inside a Ford Explorer in Lane's driveway. Officer Knowles approached the vehicle, identified himself, and asked Lane to turn off the vehicle. When the defendant failed to turn off the vehicle, Officer Knowles reached in and attempted to do so. Lane then sped backwards, knocking Officer Knowles off the vehicle to the ground. The officer was within a foot or less of being run over. The defendant then led police on a high speed chase throughout Washington, Indiana. Lane successfully eluded law enforcement during the chase. During the pursuit, deputies saw Lane throw what was later identified as methamphetamine from the vehicle. title 21 U.S.C. 841(a)(1)

*Crime*

8.  Approximately two hours later, Lane went to the Daviess County Sheriff's Department and told law enforcement an armed suspect had attempted to hold him up at gunpoint outside his residence. Lane was arrested by law enforcement. Following his arrest, Lane confessed to his involvement in the conspiracy. Lane also admitted he had thrown approximately one pound of methamphetamine out of his Ford Explorer during the chase. 846, 500grams 841(a)(1)

9.  Lane consented to a search of the Ford Explorer. Officers retrieved a Ruger P-89 pistol, serial number 312969946 from the vehicle. Agents also found an additional 16 firearms and two teargas canisters inside Lane's residence. During his drug dealing with Elizabeth Hill, Lane carried firearms on his person to protect himself, the drugs, and money he carried. He agreed to cooperate and was released. 9-1-00

10.  On January 25, 2001, Lane was arrested by federal authorities. DEA again searched Lane's residence and found 16 new firearms. During Lane's first detention hearing, the government sought to detain Lane. To this end, the government argued Lane's accumulation of firearms between September 1, 2000, and January 25, 2001, established Lane was a danger to the community. Based on this argument, the Magistrate Judge detained Lane. During a second

*E*

Count 1 -- Conspiracy to Possess With Intent to Distribute and to Distribute in Excess of 500 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine

16. **Base Offense Level:** The United States Sentencing Commission Guideline for violation of 21 U.S.C. § 841(a)(1) and 846, where the amount of methamphetamine involved is approximately 107 kilograms (or 235 pounds), is found in U.S.S.G. § 2D1.1(c)(1) and calls for a base offense level of 38. *Foot Notes :*    38

17. **Specific Offense Characteristics:** Since the defendant possessed a firearm during the instant offense, his offense level is increased by two. 2D1.1(b)(1).    +2

18. **Victim-Related Adjustments:** While in flight from the instant offense, Lane assaulted federal law enforcement officers in a manner that created a substantial risk of serious bodily harm. Pursuant to U.S.S.G. § 3A1.2(b), three levels are added.    *-out*

19. **Adjustment for Role in the Offense:** Mr. Lane set parameters for drug deals and money collection. He supplied methamphetamine to be dealt by others, and recruited others to deal methamphetamine for him. Pursuant to U.S.S.G. § 3B1.1(b), three levels are added.    +3

20. **Adjustment for Obstruction of Justice:** As previously outlined, Mr. Lane testified falsely under oath before a U.S. Magistrate Judge with regard to material information. Pursuant to U.S.S.G. § 3C1.1, two levels are added.    +2

21. **Adjusted Offense Level (Subtotal):**    *45*

Count 2 -- Conducting Financial Transactions Affecting Interstate Commerce, Knowing the Property Involved in the Financial Transactions Represented the Proceeds of Some Form of Unlawful Activity

22. **Base Offense Level:** The United States Sentencing Commission Guideline for violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h) is found in U.S.S.G. § 2S1.1(a)(1) which calls for the offense level to be that of the underlying offense from which the laundered funds were derived. Therefore, the offense level is *38*    *38*

23. **Specific Offense Characteristics:** Since the defendant was convicted under 18 U.S.C. § 1956, the offense level is increased by two. 2S1.1(b)(2)(B)    +2

24. **Victim-Related Adjustments:** While in flight from the instant offense, Lane assaulted federal law enforcement officers in a manner that created a substantial risk of serious bodily harm. Pursuant to U.S.S.G. § 3A1.2(b), three levels are added.    *out*

25. **Adjustment for Role in the Offense:** None.    0

---

```
PARAGRAPH 16. WOULD NOT BE "HEARSAY" OR RELAVANT CONDUCT AS THE
U.S. PROBATION OFFICE WOULD LIKE FOR PEOPLE TO BELIEVE. THE COURT
SWITCHED THE CRIME CHARGED: 500 grams to 500 kilogram (235pounds)
See: exhibit(s)  21   AND  23
```

*F*

26.  **Adjustment for Obstruction of Justice:**   As previously outlined, Mr. Lane testified falsely under oath before a U.S. Magistrate Judge with regard to material information. Pursuant to U.S.S.G. § 3C1.1, two levels are added.  +2

27.  **Adjusted Offense Level (Subtotal):**  ~~47~~

28.  **Higher Adjusted Offense Level:**  ~~48~~ 45

29.  **Adjustment for Acceptance of Responsibility:**   The defendant admits his involvement in this offense. Pursuant to U.S.S.G. § 3E1.1(a), two levels are subtracted.    and (b)  ~~2~~ − 3

30.  **Total Offense Level:**  ~~45~~ 42

31.  **Chapter Four Enhancements:** None.  0

32.  **Total Offense Level:**  ~~46~~ 42

## PART B. DEFENDANT'S CRIMINAL HISTORY

### Juvenile Adjudication(s)

33.  None.

### Adult Criminal Conviction(s)

34.  None.

### Criminal History Computations

35.  The total of the criminal history points is zero. According to the sentencing table in U.S.S.G. Chapter 5, Part A, zero criminal history points establish a criminal history category of I.

### Other Criminal Conduct

36.  None.

### Pending Charges

37.  Mr. Lane has one case pending in Daviess County Superior Court under Cause No. 14D01-0001-DF-076. Lane is charged with D felony Dealing in Marijuana. The case is set for pretrial conference December 18, 2001.

G

51.   Mr. Lane had a 2001 Ford Explorer and $27,000 in a savings account, both of which were seized by the government. The defendant states he has no additional assets or liabilities. Due to his incarceration, he has no cash flow.

Ability to Pay

52.   Based on the above information it appears the defendant does not have the ability to pay a fine within the guideline range.

## PART D. SENTENCING OPTIONS

Custody

53.   **Statutory Provisions:** The penalty for Count 1 of the Indictment is a minimum of 10 years and a maximum of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(ii). The maximum penalty for Count 2 is 20 years pursuant to 18 U.S.C. § 1956(a)(1)(A)(i) and (h).

54.   **Guideline Provisions:** Based on a total offense level of 46 and a criminal history category of I, the guideline range for imprisonment is Life imprisonment. *U.S.S.G. 2D1.1*

*500 Kilograms (235)*

Supervised Release

55.   **Statutory Provisions:** On Count 1 a term of at least 5 years supervised release is required if a sentence of imprisonment is imposed. 21 U.S.C. § 841(b)(1)(A)(ii). On Count 2 a term of not more than three years supervised release is required if a sentence of imprisonment is imposed. 18 U.S.C. § 3583(b)(2). Such terms shall run concurrent. 18 U.S.C. § 3624(e).

56.   **Guideline Provisions:** The guideline range for a term of supervised release is three to five years or the minimum required by statute. U.S.S.G. § 5D1.2(b).

Probation

57.   **Statutory Provisions:** The defendant is not eligible for probation because Count 1 is one for which probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2). He is eligible for one to five years probation for Count 2, pursuant to 18 U.S.C. § 3561(b)(1).

58.   **Guideline Provisions:** The defendant is not eligible for probation because Count 1 is one for which probation has been expressly precluded by statute, pursuant to U.S.S.G. § 5B1.1(b)(2).

*Ex.*

# United States Probation Office

Southern District of Indiana

## MEMORANDUM

**DATE:**     February 14, 2002

**REPLY TO**  Robert J. DeCarli
**ATTN OF:**  U.S. Probation Officer

**SUBJECT:**  Mark Lane
             EV01-03-CR-01
             Sentencing Options              (1) *Foot Notes*;

**TO:**      The Honorable Richard L. Young
             U.S. District Court Judge

---

The defendant's adjusted offense level for Count 1 as it is currently calculated is 48. His total offense level is 46. Adjustments to that calculation are outlined below:

38: base offense level
+2: two level increase for firearms possession (2D1.1(b)(1).
+3: three level increase for leadership role (3B1.1(b))

*45*
*+2   per Court   48*
*(42 - 360-life)*

43: Adjusted Offense Level
-3: full reduction for acceptance of resp.(3E1.1(a) and(b))

40: Total Offense Level

Total Offense Level 40 and Criminal History Category I result in guideline imprisonment range of 292-365 months.

The above calculation eliminates the 3 level increase for assaulting law enforcement (3A1.2(b)) in paragraph 18 and the 2 level increase for obstruction of justice (3C1.1) in paragraph 20. It also increases by 1 the defendant's reduction for acceptance of responsibility.

If the Court rules the increase for assaulting law enforcement and obstruction of justice are inappropriate in count 1, that ruling would carry through to count 2. The resulting adjusted offense level for count 2 would  then be 40 which would have no impact on the defendant's guidelines.

RJD/rjd

---

(A) IT'S NOT EVER DAY A FEDERAL JUDGE PUTS A CRIMINAL ACT ON PAPER
AND VIOLATES HIS "OATH OF OFFICE" SEE: EXHIBITS 47 TO 52

I

(A) IDENTIFYING DATA

REG NO..: 06503-028                FORM DATE: 02-14-2008        ORG: SSC
NAME....: LANE, MARK ALAN
                                   MGTV: GRTR SECU
PUB SFTY: GRT SVRTY,SENT LGTH      MVED: 02-14-2010

(B) BASE SCORING
DETAINER: (0) NONE                 SEVERITY........: (7) GREATEST  *(Footnotes:,*
MOS REL.: 230                      CRIM HIST SCORE: (00) 0 POINTS
ESCAPES.: (0) NONE                 VIOLENCE........: (5) < 5 YRS MINOR
VOL SURR: (0) N/A                  AGE CATEGORY...: (2) 36 THROUGH 54
EDUC LEV: (0) VERFD HS DEGREE/GED  DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS

(C) CUSTODY SCORING
TIME SERVED.....: (3) 0-25%        PROG PARTICIPAT: (0) POOR
LIVING SKILLS...: (0) POOR         TYPE DISCIP RPT: (2A) 1 HIGH
FREQ DISCIP RPT.: (2) 1           FAMILY/COMMUN..: (4) GOOD

--- LEVEL AND CUSTODY SUMMARY ---
BASE CUST VARIANCE   SEC TOTAL   SCORED LEV MGMT SEC LEVEL   CUSTODY   CONSIDER
+14  +11    +1         +15       LOW         MEDIUM            IN      INCREASE

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

MY PUBLIC SAFETY FACTOR COMES FROM SENTENCE LENGHTS, MY SENTENCE
LENGTH COMES FROM THE DRUG AMOUNT. PROGRAM STATEMENT 5100.08
GREATEST=EXCESS OF 15 KILOGRAMS (33 pounds)

EX - J

To: Richard G. Lugar, Senator
    306 Hart Senate Office Building
    Washington, D.C. 20510

By: Mark Alan Lane # 06503-028
    P.O. BOX 150160
    Atlanta, GA. 30315

Re: 1787--UNITED STATES CONSTITUTION--2008.:

              Dear Mr. Lugar, Senator:

    I hope this finds you doing well! I guess I'M doing fine! I
received a nice letter from [X] Mr. Saxby Chambliss, Senator.,
416 Russell Senate Office Building., Washington, D.C. 20510.
have you took the time to notify the president that he has a
criminal enterprise operating in the STATE OF INDIANA (U.S.
Attorney Office)?                                      ATT: 1
    I had to explain to [X] Mr. Richard J. Durbin, Senator., 309
Hart Senate Office Building., Washington, D.C. 20510., THAT
CONGRESS (legislative branch) creates courts; determines courts'
jurisdiction; approves appointments of judges and can [IMPEACH
OR REMOVE JUDGES].
    I wrote the ATTORNEY GENERAL of the UNITED STATES and the
Director of the Bureau of Prisons (Harley Lappin) on April 14,
2008. " The Director forwarded my letter and attachments to the
OFFICE OF GENERAL COUNSEL/LITIGATION BRANCH on June 10, 2008".
"The attached correspondence is forwarded to your office for
review and [ACTION] as deemed appropriate". My Case Manager gave
to me on July 17, 2008.                                ATT: 2
    The Attorney General and Director of the Bureau of Prisons,
gave the OGC/LITIGATION, The authority to use Title 18 U.S.C.
3582(c)(1)(a)., program statement 5050.09.
    I would like to see the [X] WASHINGTON POST [editor]., 1150
15th Street, N.W., Washington,D.C. 20071., Do a story on all of
the ILLEGAL activity. "IT'S ARE JOB TO PROTECT AND DEFEND THE
CONSTITUTION OF THE UNITED STATES (CONGRESS)". It could be time
for a change? The American people need to open thier eyes to the
truth! [PERPETRATING A FRAUD].
    [X] Mr. Evan Bayh, Senator, Senate Dirksen Office Building.,
B-4-Suite  ., Washington, D.C. 20515. I am from Washington,
INDIANA., and people deserve more than a post-card from you
or your office.
    Will anybody do there job?, Could I get a little help here?
The Office of General Counsel has the proper authority to handle
the problem. The court Switched the crimes charged: 500grams to
500 Kilograms., "When it's all said and done people will think
I told (proffered) on them!"
    I hope to hear from you or your office and THANK-YOU for
your time in this matter!!

                                  RESPECTFULLY

                                  Mark A. Lane

                                  Mark Alan Lane
                                  July 31, 2008.

                  (1)                             X-1

SAXBY CHAMBLISS
GEORGIA

COMMITTEES:
AGRICULTURE
RANKING MEMBER

ARMED SERVICES

INTELLIGENCE

RULES

# United States Senate
WASHINGTON, DC 20510–1007

July 10, 2008

*O.C. D.E.T.F. (Desert Fox)*

*EV-01-CR-03-01-Y/H*

Mr. Mark A. Lane
P.O. Box 150160
Atlanta, Georgia 30315

Dear Mr. Lane:

Thank you for contacting me about the problems you are having with your conviction.

While I regret to learn of your difficulties, I, as a United States Senator, have no jurisdiction over matters such as these.

If I can be of assistance in matters that are within my jurisdiction as United States Senator, please let me know.

Very truly yours,

*Saxby*

Saxby Chambliss
United States Senate

SC:jem

*500 Kilograms*
*Level 42 ← (235 pounds)*

*Excess of 15 K.lograms*
*Judgement and committment 841(a)1, 846*
*(Hearsey)*

*500 grams 841(a)1(H), 846, 500 grams 841(a)(1)*
*(P.I.R)                                    (Indictment)*
*(770 grams expert Witness)*
*Charges and Conviction*
*Paragraph one (1)*
*Liz Hill and Bred Mattingly*
*8-31-00        1-25-01*



**U.S. Department of Justice**

[X]   Federal Bureau of Prisons

ATTORNEY GENERAL OF THE UNITED STATES.,    ----> BOP
950 Pennsylvania Avenue, NW., Washington, D.C. 20530

*Office of the Director*                    *Washington, DC 20534*

To:  _____ Administration Division
     _____ Correctional Programs Division
     _____ Health Services Division
     _____ Human Resource Management Division
     _____ Industries, Education & Voc Training (FPI)
     _____ Information, Policy & Public Affairs Division
     _____ National Institute of Corrections
       ✓   Office of General Counsel
     _____ Program Review Division
     _____ Mid-Atlantic Region
     _____ North Central Region
     _____ Northeast Region
     _____ South Central Region
     _____ Southeast Region
     _____ Western Region

The attached correspondence is forwarded to your office
for review and action as deemed appropriate.

Thank you.


Executive Secretariat
(202) 514-8534

**RECEIVED**

JUN 1 0 2008

BUREAU OF PRISONS
OGC/LITIGATION BRANCH

8, Letter. AT
1-

11! I wrote
March 03, 2008
Second letter
book!
about is Title
atement 5050.09
response book
of "Action"

? U.S.C. § 241 To
Your Help,
book from The Bureau

**RECEIVED**

JUN 27 2008

REGIONAL COUNSEL'S-SERO
BUREAU OF PRISONS

of Prisons!

I hope to hear From you and "Thank-you"
for your Time in This matter!

C.C.
Family ✓                    Respectfully
Director of B.O.P ✓    (1)    Man c z
                                4-14-08        2

To: ATTORNEY GENERAL of the UNITED STATES
    U. S. DEPARTMENT OF JUSTICE
    950 Pennsylvania Avenue, N.W.
    Washington, D.C. 20530-oo01


By: Mark Alan Lane#06503-028
    F.C.I. Atlanta
    P.O. Box 150160
    Atlanta, GA. 30315


Re: Freedom of Information Act/Privacy Act for Witness Security
    request:


        Dear ATTORNEY GENERAL:

   I am a federal prisoner housed at F.C.I. Atlanta. I am poor
but will pay if the fees cannot be waived. Iwant to make an
Freedom of Information Act/privacy Act request to WITNESS SECURITY
and Special-operations.
   My name is NOT listed in the Department of Justice "CENTRAL
INDEX". Special-Operations has NO file but gave a response as
follows: Witness Security gave you a response. Special-Oper-
ations liked it when I was pin-pointing the real goverment
witness, such as: Elizabeth Hill, Brad Mattinglt, Dave Merritt
meet with the F.B.I./I.R.S., On December 11, 2001. I have the
reports [DONT TELL].
   In the past, Witness Security said, "IT'S A NEED TO KNOW
BASIS" and used Title 18 U.S.C. 3521(b)(1)(g).
   I hope you or your office will forward this F.O.I.A./P.A.,
request to: [X] Department of Justice., Witness Security and
Special-Operations.,(K.K. BREEDEN)., 950 Pennsylvania Avenue.,
Washington, D.C. 20530., For a response to this request.
   Ihope to hear from you and THANK-YOU for your time in this
matter.


                            RESPECTFULLY

                            Mark A. Lane
                            MARK ALAN LANE #06503-028
                            August 12, 2008


[X] Buddy and Sandy LAne., 703 Virginia Ave., Washington, IN.
47501
[X]

[X]


99                    (1)

To: U. S. ATTORNEY OFFICE
    10 WEST MARKET STREET., SUITE 2100
    INDIANOPLIS, INDIANA. 46204

*(Desert Fox)*

*EV-01-CR-03-01-Y/H*

By: Mark Alan Lane # 06503-028
    F.C.I. Atlanta
    P.O. BOX 150160
    Atlanta, GA. 30315

Re: CIVIL RIGHTS LETTER(S) DATED FEBRUARY 14, 2008., and AUGUST
    12, 2008 :


        Dear Mr. Morrison:

   I wanted to write a follow up letter for my family. I resent
the May 19,2008., letter on June 12, 2008. [X] I also want to
send this to the ATTORNEY GENERAL of the UNITED STATES., 950
Pennsylvania Avenue., Washington D.C. 20530. I am sure that
the ATTORNEY GENERAL didnot authorize any of you to violate my
rights under the CONSTITution.
   Prior to being transfered to F.C.I. Atlanta., I spent four(4)
days in the special housing unit. I Know U.S. Attorney SUSAN
BROOKS has stepped down. I want to ask a question, If you dont
get your Testimony do you have plans to cause me harm or Kill
me? I would like to know how far you and Mr. Blackington are
willing to go?
   [X] I also need to send this to the FEDERAL BUREAU of PRISONS
(Director)., 320 First Street., N.W., Washington, D.C. 20534.
The Warden may be holding on the theory " DO NOT DO ANYTHING
UNLESS YOUR TOLD TO DO SOMETHING", that's not a good theory
when your actions are criminal.
   I am sure you or your office will take the time to write
my family and tell them how you or your office will be handling
this problem. I want to THANK-YOU for your time in this matter!
I also want to authorize my family to call the Federal Bureau
of Prisons. The Privacy Act is out the door on this one. ATT:*1-4*


                                    RESPECTFULLY

                                    *Mark C. L*
                                    ────────────────
                                    MARK ALAN LANE
                                    AUGUST 20, 2008


                            (1)

TO:
U.S. Attorney's Office
10 West Market Street
Suite 2100
Indianapolis, IN 46204

FROM:
Buddy and Sandra Lane
703 Virginia Ave
Washington, IN 47501

RE:
Civil Rights Letter dated 2/14/2008; ATT: 1

Dear Mr. Morrison:

The Department of Justice, Civil Rights sent our son, Mark A. Lane the following attached letter.

Our son has written three letters and has yet to hear a response back from the Bureau of Prisons. The Bureau of Prisons authority should be Title 18} 3582 ( c ) (1) (a).

The Civil Rights sent this to the Bureau of Prisons for action. We are sure you or your office will contact the Bureau of Prisons to find out what Title of authority this is. If this is indeed a Title 18 u.s.c. 3582 ( c) (1) (a) we would like for you or your office to file this motion in court.

Our son informed us about the Christmas card to you and your office. We hope this illegal activity does not cause harm to him.
We look forward to hearing from you soon. Thank you in advance for your time in this matter.

Respectfully,

Buddy and Sandra Lane

**U.S. Department of Justice**

Civil Rights Division

168-25-0/284090

*Special Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC  20530*

February 14, 2008

Mark Lane
Inmate# 06503-028
Federal Correctional Institution
P.O. Box 5000
Greenville, IL  62246

Dear Mr. Lane:

    Thank you for your correspondence.  The Special Litigation
Section of the United States Department of Justice has reviewed
your correspondence, and we have determined that our office does
not have jurisdiction in this matter.  We believe that authority
for handling this matter may rest with the Bureau of Prisons, and
we will be referring your letter to that agency for action.  If you
wish to follow-up with the Bureau of Prisons, they may be contacted
as follows:

              Bureau of Prisons
              320 First Street, N.W.
              Washington, DC  20534
              (202) 307-3198

                        Sincerely,

                        N'Zinga Adelona
                   Special Litigation Section
                     Civil Rights Division

*12, June, 2008 (resent)*

19 May 2008

> *Federal Bureau of Prisons*
> *Correctional Program Branch*
> *Randy S. Eterneck, Administrative*
> *320 First Street, N. W.*
> *Washington, D. C.  20534*

TO: U.S. Attorney's Office
10 West Market Street
Suite 2100
Indianapolis, IN 46204-3048

BY: Buddy and Sandra Lane
703 Virginia Avenue
Washington, IN 47501

RE:  07 May 2008 Letter from U.S. Attorney's Office

Dear Mr. Morrison:

I want to thank you for taking the time to write us a letter. I went back and reread the letter I sent you or your office on 02 May 2008.

"We are sure you or your office will contact the Bureau of Prisons to find out what Title of Authority this is". If it is indeed Title 18 U.S.C. 35 82 © (1) (a), then we would like for you or your staff to file this motion in Court on behalf of the Director of The Bureau of Prisons. See: 28 C.F.R. 571.62 (4).

I can't explain why you would think our son would have a medical problem. If you read 28 C.F.R. 571.62., approval of request, "either the medical director for medical referrals or the Assistant Director of Correctional Programs Division for Non-Medical referrals". I'm sure our son, Mark A. Lane, sent you a copy of the April 8, 2008 Civil Rights Letter. The section on Authority does not extend to personal grievances of a single individual. That was a question that needed an answer because the staff at Greeneville presented the question. Our son's unit manager said the February 14, 2008 letter dealt with him. That doesn't seem to be the case.

We hope to hear from you with the requested information. Thank-You in advance for your time in this matter.

Respectfully,

Buddy and Sandra Lane

Buddy and Sandra Lane

**U.S. Department of Justice**

Civil Rights Division

168-19-0/289212

*Special Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

August 12, 2008

Mark Lane
#106503-028
Federal Correctional Institutional
P.O.BOX 150160
Atlanta, GA  30315

Dear Mr. Lane:

Thank you for your correspondence.  The Special Litigation
Section of the United States Department of Justice has reviewed
your correspondence, and we have determined that our office does
not have jurisdiction in this matter.  We believe that authority
for handling this matter may rest with the Bureau of Prisons, and
we will be referring your letter to that agency for action.  If you
wish to follow-up with the Bureau of Prisons, they may be contacted
as follows:

> Bureau of Prisons
> 320 First Street, N.W.
> Washington, DC  20534
> (202) 307-3198

Sincerely,

N'Zinga Adelona
Special Litigation Section
Civil Rights Division