UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK ALAN LANE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 08-1269 (RJL) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(June 9, 2009)

In this civil action brought under the Privacy Act, 5 U.S.C. § 552a, plaintiff, proceeding *pro se*, alleges that the Bureau of Prisons' reliance on inaccurate information in his presentence investigation report has resulted in adverse decisions regarding his custody.[1] He seeks "amendment of the 2001 presentence report and money damages[.]" Compl at 4. Defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment pursuant to Rule 56 [Dkt. No. 13]; plaintiff moves for summary judgment [Dkt. No. 17]. Because BOP inmate records are exempt from the Privacy Act's amendment and damages provisions, and the Act provides no private right of action against the individually named defendants,[2] the Court grants defendants' Rule 12(b)(6) motion to dismiss and denies plaintiff's unsupported motion for summary judgment.

---

[1] Plaintiff is a federal prisoner serving a sentence of 360 months' imprisonment imposed following his plea of guilty to conspiracy to possess with intent to distribute methamphetamine and conspiracy to launder monetary instruments. *United States v. Lane*, 52 Fed. Appx. 838 (7th Cir. 2002).

[2] In addition to BOP, plaintiff sues his warden, W.A. Sherrod, Administrator Harold Watts and Regional Director Michael K. Nalley. *But see Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) ("[T]he district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act[.]") (citations omitted).

A court may dismiss a complaint on the ground that it fails to state a claim upon which relief can be granted if, assuming the alleged facts to be true and drawing all inferences in the plaintiff's favor, it appears that the plaintiff can prove no facts "consistent with the allegations in the complaint" to support the claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007). "[T]he pleadings [must] suggest a 'plausible' scenario to 'sho[w] that the pleader is entitled to relief[.]'" *Tooley v. Napolitano,* 556 F.3d 836, 839 (D.C. Cir. 2009) (quoting *Twombly,* 127 S.Ct. at 1966).

The Privacy Act requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual]. . . ." 5 U.S.C. § 552a(e)(5). Section 552a(d) allows individuals access to agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." *Doe v. Federal Bureau of Investigation,* 936 F.2d 1346, 1350 (D.C. Cir. 1991). Subsections (g)(1)(A) and (C) authorize civil actions to enforce the amendment and accuracy requirements. In addition, subsection (g)(4) provides for monetary damages, costs and attorneys' fees where the agency is shown to have acted intentionally or willfully. *See Doe,* 936 F.2d at 1350; accord *Deters v. United States Parole Commission,* 85 F.3d 655, 660-61 (D.C. Cir. 1996); *Sellers v. Bureau of Prisons,* 959 F.2d 307, 310-12 (D.C. Cir. 1992). An agency may be liable for "actual damages sustained by the individual as a result of the refusal or failure" to maintain accurate records and "consequently a determination is made which is adverse to the individual. . . ." 5 U.S.C. § 552a(g)(1)(C) and (g)(4)(A).

The Privacy Act authorizes law enforcement agencies to exempt "any system of records within the agency" from certain provisions of the Privacy Act, including subsection(g). 5 U.S.C. § 522a (j)(2). It is established that BOP has exempted its Inmate Central Records System containing, among other records, presentence investigation reports, from the Privacy Act's accuracy and amendment requirements (subsections (d) and (e)(5)) and from its damages provision (subsection (g)). See 28 C.F.R. § 16.97(a)(4); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) ("Under regulations . . . presentence reports and BOP inmate records systems are exempt from the amendment provisions of the Act"); accord *Martinez*, 444 F.3d at 624 ("The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act[.]") (citations omitted). Plaintiff therefore fails to state a claim upon which relief can be granted. See *Ramirez v. Dep't of Justice*, 594 F. Supp.2d 58, 65 (D.D.C. 2009) ("Having exempted its records from the substantive provision regarding the agency's recordkeeping obligations, BOP effectively deprives litigants of a remedy for any harm caused by the agency's substandard recordkeeping."); *Lopez v. Huff*, 508 F. Supp.2d 71, 77 (D.D.C. 2007) ("To the extent that plaintiff is seeking to have his [presentence investigation report] amended, such relief is not available because the BOP has properly exempted its inmate central files, where such documents are kept, from the [Privacy Act's] amendment requirements.") (citations omitted).

For the foregoing reasons, defendants' motion to dismiss is granted and plaintiff's motion for summary judgment is denied. A separate Order accompanies this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge